2011 WY 89

**BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner,**

v.

**Clay B. JENKINS, WSB No. 5–2249, Respondent.**

No. D–11–0003.

Supreme Court of Wyoming.

June 1, 2011.

**ORDER OF PUBLIC CENSURE**

[¶ 1] **This matter** came before the Court upon a "Report and Recommendation," filed herein May 19, 2011, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, the "Stipulated Motion for Public Censure and to File A Report and Recommendation," the "Affidavit of Clay B. Jenkins," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Clay B. Jenkins should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation, which is attached hereto and incorporated herein (without attachments), shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation, Mr. Jenkins shall receive a public censure, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation; and it is further

[¶ 4] **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Jenkins shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Jenkins shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before July 1, 2011; and it is further

[¶ 5] **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6] **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Clay B. Jenkins; and it is further

[¶ 8] **ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶ 9] **DATED** this 1st day of June, 2011. By the Court:

/s/ MARILYN S. KITE
Chief Justice

## ATTACHMENT

## BEFORE THE SUPREME COURT

## STATE OF WYOMING

*In the matter of*

*CLAY B. JENKINS,*

*WSB No. 5–2249,*

*Respondent.*

*Docket No. 2011–009*

May 19, 2011

## REPORT AND RECOMMENDATION

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

## FINDINGS OF FACT

1. Respondent is a licensed attorney in the State of Wyoming, Bar # 5–2249. Respondent has submitted an affidavit setting forth the following facts:

2. On two occasions, Respondent attempted to utilize a third person to communicate information to and/or obtain information from a person who was represented by counsel in a child custody matter in which Respondent represented the father. The attempted contact was not successful, and Respondent obtained no information thereby.

3. Respondent agrees that his conduct violated Rule 4.2 of the Rules of Professional Conduct for Attorneys at Law, which provides, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person or entity the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

4. Respondent is extremely embarrassed by this matter, has apologized for his actions and will take steps in his practice to assure that nothing like this ever happens again.

5. Respondent has agreed to a public censure in this matter.

## CONCLUSIONS OF LAW

6. Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice. The commentary to Standard 2.5 discusses the proper circumstances in which to impose a public censure as well as the rationale behind this form of discipline:

> Publicity enhances the effect of the discipline and emphasizes the concern of the court with all lawyer misconduct, not only serious ethical violations. A reprimand is appropriate in cases where the lawyer's conduct, although violating ethical standards, is not serious enough to warrant suspension or disbarment. * * * A reprimand serves the useful purpose of identifying lawyers who have violated ethical standards, and, if accompanied by a published opinion, educates members of the bar as to these standards.

7. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;

(b) the lawyer's mental state; and

(c) the actual or potential injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

8. Misconduct of the sort engaged in by Respondent is addressed in Standard 6.2, "Abuse of the Legal Process."

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving * * * failure to obey any obligation under the rules of the tribunal * * *:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding.

6.22 Suspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

6.23 Reprimand [i.e., public censure] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24 Admonition [i.e., private reprimand] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

9. Respondent's misconduct appears to fall into a gray area. On the one hand, his violation of Rule 4.2 was knowing, as opposed to negligent. He did attempt to gain information from a represented person without going through the person's lawyer. On the other hand, the attempted communication did not take place, so there was no injury, or

potential injury, and the information he attempted to obtain was fairly innocuous.

10. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors are:

i. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 1984.

ii. Section 9.22(a)-prior disciplinary offenses. Respondent received a public reprimand in 2002 for which the following press release was published:

Sheridan attorney Clay Jenkins received a formal public reprimand by order of the Wyoming Supreme Court on June 25, 2002. Although Mr. Jenkins properly maintained an office account for his own funds and a trust account for client funds, he sometimes deposited initial fee payments under $500.00 from clients into the office account if he expected to use up those monies within a few days of receiving them. He did not convert any of the client funds. No client lost any money whatsoever.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Jenkins violated Rule 1.15 which requires an attorney keep client funds separate from the lawyer's own property. Mr. Jenkins violated this Rule when he paid himself by depositing the fees into his office account before they were earned.

Mr. Jenkins stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Jenkins. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly reprimanding Mr. Jenkins

and requiring him to pay the costs of the Wyoming State Bar for prosecuting this matter.

b. Applicable mitigating factors are:

i. Section 9.32(b)-absence of a dishonest or selfish motive;

ii. Section 9.32(e)-full and free disclosure to disciplinary board and cooperative attitude toward proceedings;

iii. Section 9.32(1)-remorse; and

iv. Section 9.32(m)-remoteness of prior offenses.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

11. The Board recommends that the public censure read as follows:

"Sheridan attorney Clay B. Jenkins received a formal public censure by order of the Wyoming Supreme Court on.......... On two occasions, Mr. Jenkins attempted to utilize a third person to communicate with a person who was represented by counsel in a child custody matter in which Mr. Jenkins represented the father. The attempted contact was not successful, and Mr. Jenkins obtained no information thereby. Mr. Jenkins violated Rule 4.2 of the Rules of Professional Conduct for Attorneys at Law, which provides, 'In representing a client, a lawyer shall not communicate about the subject of the representation with a person or entity the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.'

Mr. Jenkins stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Jenkins. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Jenkins and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

12. As an appropriate sanction for his violations of Rule 4.2 of the Wyoming Rule of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) receive a public censure; and (2) be ordered to pay the administrative fee in the amount of $500.00 and costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

Dated 12th day of May 2011.

/s/ Francis E. Stevens

Francis E. Stevens, Chair

Board of Professional Responsibility

Wyoming State Bar

### *CERTIFICATE OF SERVICE*

I do hereby certify that a true and correct copy of this **Report and Recommendation** was mailed by United States Mail, postage prepaid, on May 19, 2011 to:

Robert W. Brown

Lonabaugh & Riggs, LLP 50 South Loucks Street, Suite 110

P.O. Drawer 5059

Sheridan, WY 82801

Counsel for Respondent

Clay B. Jenkins

Jenkins Law Office

Old Post Office Building

45 East Loucks Street, Suite 208

Sheridan, WY 82801

Respondent

and a copy was hand delivered to:

Mark W. Grifford, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/ Patricia Becklinger
Patricia Becklinger, Clerk
Board of Professional Responsibility