## *IN THE SUPREME COURT, STATE OF WYOMING*

### 2013 WY 92

*April Term, A.D. 2013*

*July 31, 2013*

| | |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,**<br><br>Petitioner,<br><br>v.<br><br>**CLAY B. JENKINS, WSB #5-2249,**<br><br>Respondent. | D-13-0004 |

## ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

[¶1]    **This matter** came before the Court upon a "Report and Recommendation for Suspension," filed herein July 11, 2013, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline).  After a careful review of the Board of Professional Responsibility's Report and Recommendation for Suspension and the file, this Court finds that the Report and Recommendation for Suspension should be approved, confirmed and adopted by the Court; and that the Respondent, Clay B. Jenkins, should be suspended from the practice of law for a period of one (1) year.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Suspension, Respondent Clay B. Jenkins shall be, and hereby is, suspended from the practice of law for a period of one (1) year from May 10, 2013; and it is further

[¶4]   **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar.  That Section governs the duties of disbarred and suspended attorneys; and it is further

[¶5]   **ORDERED** that, pursuant to Section 26 of the Disciplinary Code of the Wyoming State Bar, Clay B. Jenkins shall pay the administrative fee of $500.00.  Mr. Jenkins shall pay that amount to the Clerk of the Board of Professional Responsibility on or before October 31, 2013; and it is further

[¶6]  **ORDERED** that, pursuant to Section 4 of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]   **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation for Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶8]   **ORDERED** that the Clerk of this Court cause a copy of the Order Suspending Attorney from the Practice of Law to be served upon Respondent Clay B. Jenkins.

[¶9]   **DATED** this 31st day of July, 2013.

**BY THE COURT:***

/s/

**MARILYN S. KITE**
**Chief Justice**

*Justice Davis took no part in the consideration of this matter. Retired Justice Michael Golden participated by assignment.

BEFORE THE SUPREME COURT
STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JUL 1 1 2013

CAROL THOMPSON, CLERK

by CHIEF DEPUTY

| | |
|---|---|
| *In the matter of* | ) |
| *CLAY B. JENKINS,* | ) |
| *WSB No. 5-2249,* | ) |
| | ) *Docket No. 2012-132* |
| *Respondent.* | ) |

## REPORT AND RECOMMENDATION FOR SUSPENSION

THIS MATTER came before the Board of Professional Responsibility pursuant to the Stipulated Motion of Bar Counsel and Respondent for suspension of Respondent. The Board, having reviewed the Stipulated Motion and Respondent's affidavit in support thereof, FINDS, CONCLUDES and RECOMMENDS as follows:

1.     Respondent has been licensed to practice law in the State of Wyoming since 1984, and has practiced in Sheridan, Wyoming. As set forth in more detail below, Respondent has a history of professional discipline.

2.     The above-captioned disciplinary proceeding was instituted following the Supreme Court's grant of Bar Counsel's petition for Respondent's interim suspension. The Supreme Court suspended Respondent effective May 10, 2013.

3.     This matter began as an investigation of a complaint brought by one of Respondent's clients during 2012, which complaint stemmed from a divorce action in which Respondent had neglected to obtain in the divorce decree a share of the retirement account that had accumulated during the client's marriage. The error resulted in $35,000 not being received by Respondent's client in the divorce. When initially raised by the client, Respondent acknowledged

1

client, Respondent acknowledged his mistake and agreed to reimburse the client out of Respondent's own pocket. When Respondent failed to make good on that promise, the client filed a complaint with Bar Counsel.

4. In response to the disciplinary complaint, Respondent paid the $35,000 to the client as restitution for his negligence in the divorce proceeding. As the disciplinary process proceeded, Respondent began to exhibit substance abuse problems. Respondent, who has a history of substance abuse, sought inpatient treatment, but was then arrested for driving under the influence while returning home after treatment. Respondent missed court appearances on behalf of clients. Local judges complained to Bar Counsel. When Respondent appeared in court in an impaired condition, the judge ordered Respondent jailed and notified Bar Counsel. Bar Counsel filed a petition for Respondent's interim suspension with the Wyoming Supreme Court. Respondent did not resist the petition, which was granted effective May 10, 2013.

5. Respondent admits that his conduct violated Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication with clients), and 8.4(b) (committing a criminal act that reflects adversely on a lawyer's fitness to practice) of the Wyoming Rule of Professional Conduct. Respondent, his counsel and Bar Counsel agreed to jointly move that Respondent be suspended for a period of one year from May 10, 2013, the effective date of Respondent's interim suspension.

6. Respondent has stipulated to a one-year suspension of his license to practice law in the State of Wyoming, said period to run from May 10, 2013, and the Board has approved such stipulation.

2

7. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

    a. Applicable aggravating factors are:

        i. Section 9.22(a)-prior disciplinary offenses. Respondent received a public censure in 2002 for which the following press release was published:

> Sheridan attorney Clay Jenkins received a formal public reprimand by order of the Wyoming Supreme Court on June 25, 2002. Although Mr. Jenkins properly maintained an office account for his own funds and a trust account for client funds, he sometimes deposited initial fee payments under $500.00 from clients into the office account if he expected to use up those monies within a few days of receiving them. He did not convert any of the client funds. No client lost any money whatsoever.

> The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Jenkins violated Rule 1.15 which requires an attorney keep client funds separate from the lawyer's own property. Mr. Jenkins violated this Rule when he paid himself by depositing the fees into his office account before they were earned.

> Mr. Jenkins stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Jenkins. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly reprimanding Mr. Jenkins and requiring him to pay the costs of the Wyoming State Bar for prosecuting this matter.

Respondent received a second public censure in 2011 when he attempted on two occasions to utilize a third person to communicate with a person who was represented by counsel in a child custody matter in which Respondent represented the father. See *Bd. of Prof. Resp. v. Jenkins*, 260 P.3d 264 (Wyo. 2011);

    ii. Section 9.22(c)-a pattern of misconduct;

    iii. Section 9.22(d)-multiple offenses;

    iv. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 1984; and

    v. Section 9.22(k)-illegal conduct, including that involving the use of controlled substances.

b. Applicable mitigating factors are:

    i. Section 9.32(b)-absence of a dishonest or selfish motive;

    ii. Section 9.32(c)- personal or emotional problems;

    iii. Section 9.32(e)-full and free disclosure to disciplinary board and cooperative attitude toward proceedings; and

    iv. Section 9.32(l)-remorse.

## RECOMMENDATION

The Board of Professional Responsibility approves the Stipulated Motion for Suspension, and recommends that the Wyoming Supreme Court enter an order suspending Respondent from the practice of law for a period of one year from May 10, 2013.

4

RESPECTFULLY SUBMITTED July 10, 2013.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the **Report and Recommendation for Suspension** was mailed by United States Mail, postage prepaid, on this ___11th___ day of July, 2013, to the following:

Clay B. Jenkins
Jenkins Law Office
Old Post Office Building
45 East Loucks Street, Suite 208
Sheridan, WY 82801

Jeremy D. Michaels
Michaels & Michaels, PC
First Interstate Bank Building
222 South Gillette Avenue, Suite 701
Gillette, WY 82716

Mark W. Gifford, Bar Counsel
Wyoming State Bar
4124 Laramie Street
Cheyenne, WY 82001

Brandi Robinson, Clerk
Board of Professional Responsibility

6