# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 24

*October Term, A.D. 2020*

*February 3, 2021*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

D-20-0005

CLAY B. JENKINS, WSB #5-2249,

Respondent.

## ORDER OF THREE-YEAR SUSPENSION

[¶ 1]   **This matter** came before the Court upon the Board of Professional Responsibility's "Report and Recommendation for Three-Year Suspension," filed herein January 25, 2021, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). After a careful review of the Report and Recommendation and the file, the Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Clay B. Jenkins should be suspended from the practice of law for three years. It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Three-Year Suspension," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the "Report and Recommendation for Three-Year Suspension," Respondent Clay B. Jenkins shall be, and hereby is, suspended from the practice of law for three years, with the period of suspension to begin November 6, 2020, the day this Court entered its "Order of Immediate Suspension" concerning Respondent; and it is further

[¶ 4]  **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶ 5]  **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, which represents the costs incurred in handling this matter, as well as pay an administrative fee of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before April 1, 2021.  If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 6]  **ORDERED** that the Wyoming State Bar may issue the agreed press release contained in the "Report and Recommendation for Three-Year Suspension"; and it is further

[¶ 7]  **ORDERED** that the Clerk of this Court shall docket this "Order of Three-Year Suspension," along with the incorporated "Report and Recommendation for Three-Year Suspension" as a matter coming regularly before this Court as a public record; and it is further

[¶ 8]  **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this "Order of Three-Year Suspension," along with the incorporated "Report and Recommendation for Three-Year Suspension" shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 9]  **ORDERED** that the Clerk of this Court cause a copy of this "Order of Three-Year Suspension" to be served upon Respondent Clay B. Jenkins.

[¶ 10]  **DATED** this 3rd day of February, 2021.

**BY THE COURT:**

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

BEFORE THE SUPREME COURT

STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JAN 25 2021

SHAWNA GOETZ, CLERK

In the matter of           )
CLAY B. JENKINS,       )
WSB No. 5-2249,        )     *Docket No. D-20-0005*
                         )
    *Respondent.*         )

## REPORT AND RECOMMENDATION FOR THREE-YEAR SUSPENSION

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via telephone conference call on the 11th day of January, 2021, for consideration of the parties' Stipulation for Three-Year Suspension pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Christopher Hawks (Chair), Robert Jarosh and Janine Thompson. Mark W. Gifford, Bar Counsel, appeared on behalf of the Wyoming State Bar. Respondent Clay B. Jenkins appeared without counsel. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends:

### Findings of Fact

1. Respondent has been licensed to practice law in the State of Wyoming since 1984, and, until his present incarceration at the Honor Farm in Riverton, has maintained a practice in Sheridan, Wyoming. Respondent has a history of substance abuse, which he has addressed with varying successes and failures over the years, including en-

rollment in several recovery programs on both an in-patient and intensive outpatient basis.

2. Respondent has been the subject of several disciplinary orders. In 2011, Respondent received a public censure for attempting to utilize a third person to communicate with a person who was represented by counsel in a child custody matter in which Respondent represented the father. *See Bd. of Prof. Resp. v. Jenkins*, 260 P.3d 264 (Wyo. 2011).

3. In 2013, Respondent was suspended for one year for professional misconduct related to his mishandling of a divorce matter for a client and for underlying substance abuse issues which led to a DUI conviction, missed court appearances and appearing in court in an impaired condition. *See Bd. of Prof. Resp. v. Jenkins*, 307 P.3d 826 (Wyo. 2013). Respondent sought and obtained reinstatement following the conclusion of his suspension.

4. In 2016, Respondent had another DUI arrest which he self-reported to Bar Counsel. Respondent voluntarily entered into a 5-year Monitoring Agreement with Wyoming Professional Assistance Program (WPAP) designed to monitor his sobriety and assure his adherence to treatment recommendations related to his recovery. Respondent was suspended for six months, with suspension stayed upon compliance with a Monitoring Agreement. *See Bd. of Prof. Resp. v. Jenkins*, 376 P.3d 477 (Wyo. 2016). Respondent relapsed shortly before the expiration of the six-month probationary term, which resulted in Respondent's period of suspension with probation being extended by six months. *See Bd. of Prof. Resp. v. Jenkins*, 389 P.2d 1211 (Wyo. 2017).

2

5.     In December 2018, Respondent failed a BAC test which Respondent was required to undergo as part of his probation relating to a prior DUI conviction. Respondents probation was revoked and he was ordered to jail. However, without any effort on Respondent's part, his jail sentence was shortly vacated. The County Attorney reported Respondent's probation revocation to Bar Counsel, who opened a file (2019-002) and initiated an investigation. At Bar Counsel's suggestion, Respondent contacted WPAP. Reinstatement of a monitoring program consisting of six months of monitoring via Soberlink, 2-3 random UAs per month, individual therapy and at least four AA meetings per month was recommended. Bar Counsel recommended that Respondent enter into a diversion program incorporating WPAP's recommendation. However, the diversion agreement was never formalized.

6.     In May 2019, District Court Judge John Fenn reported Respondent's failure to appear for two hearings on behalf of clients to Bar Counsel, who opened a file (2019-055) which he consolidated with matter 2019-002.

7.     On June 6, 2019, Respondent was arrested for another DUI. Circuit Court Judge Shelley Cundiff reported the arrest to Bar Counsel. At Bar Counsel's suggestion, Respondent immediately contacted WPAP. A comprehensive residential assessment was suggested. At this time, Respondent was experiencing significant health problems as well as staffing problems at his office. Respondent contacted Rimrock Foundation, an addiction treatment center in Billings and complied with their treatment recommendations while he awaited adjudication of the most recent DUI. Respondent resumed Soberlink testing to monitor his sobriety

3

8.     On August 29, 2019, Respondent was arrested for DUI and driving without an interlock device, a violation of Respondent's bond. The Sheridan County Attorney filed a petition to revoke Respondent's release. Respondent's bond was raised to $10,000 cash only and he was released while awaiting trial on felony charges stemming from the DUI. Respondent was ordered not to operate any vehicles and was placed on a sobriety monitoring program via Soberlink. Respondent enrolled in the Level 1 treatment program with Cross Creek Counseling, an addiction resources center in Sheridan. Respondent re-sumed attending AA meetings and re-enrolled with WPAP.

9.     Having changed his plea on the felony DUI charge to guilty, on July 20, 2020, Respondent appeared for sentencing before District Court Judge Tori R.A. Krick-en. Respondent was sentenced to no less than three years nor more than seven years in the custody of the Department of Corrections.

10.     On July 22, 2020, Respondent failed a Soberlink test and was placed in jail. Respondent remained there until he was transferred to the custody of the Department of Corrections. Respondent is currently in custody at the Honor Farm in Riverton.

11.     Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Re-spondent conditionally admits that his conduct set forth above violated Rule 8.4(b) (committing a criminal act that reflects adversely on a lawyer's fitness to practice) of the Wyoming Rule of Professional Conduct and agrees to a three-year suspension of his li-cense to practice law. Respondent conditionally admits to violating Rule 3.4(c) (failure to comply with the rules of the tribunal) and Rule 3.4(d) (failure to comply with discovery) and Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the

4

Wyoming Rules of Professional Conduct. As a mitigating factor, Respondent offers that he was experiencing significant health issues during the relevant time. Respondent further agrees that a three-year suspension of his license to practice law is an appropriate sanction for such misconduct.

12. The Review Panel finds the following aggravating factors: (1) prior disciplinary offenses; (2) substantial experience in the practice of law; (3) illegal conduct, including that involving the use of controlled substances; and (4) a pattern of misconduct. Applicable mitigating factors are (1) full and free disclosure to disciplinary board and cooperative attitude toward proceeding; and (2) imposition of other penalties or sanctions.

13. The Review Panel finds that a three-year suspension is the appropriate sanction in this case.

14. If the Court issues an Order of Three-Year Suspension in accordance herewith, Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court issued an order suspending Sheridan attorney Clay B. Jenkins from the practice of law for a period of three years. The order of suspension stemmed from a 2019 DWUI arrest which was charged as a felony to which Jenkins pleaded guilty and was sentenced to not less than three years nor more than seven years in the custody of the State of Wyoming Department of Corrections. Jenkins, who has a significant disciplinary history relating to substance abuse, agreed to the suspension. Jenkins was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

5

## Conclusions of Law

15. Rule 8.4(b), W.R.Prof.Cond., provides, "It is professional misconduct for a lawyer to commit a criminal act criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."

16. Rule 15(b)(3)(D), W.R.Disc.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

1. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
2. Whether the lawyer acted intentionally, knowingly, or negligently;
3. The amount of the actual or potential injury caused by the lawyer's misconduct; and
4. The existence of any aggravating or mitigating factors.

16. <u>First Factor: The Duty Violated.</u> Within the analytical framework of the ABA Standards, Respondent violated a duty owed to the public. Standard 5.1 sets forth the sanction guidelines for lawyers who demonstrate a failure to maintain personal integrity and is applicable to situations in which a lawyer has committed a violation of Rule 8.4(b):

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit, or misrepresentation:

5.11 Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the inten-

6

tional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12    Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

5.13    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

5.14    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.

17.    <u>Second Factor:  The Lawyer's Mental State.</u>   The Preface to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows.  The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result.  The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result.  The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

18.    <u>Third Factor:  Actual or Potential Injury.</u>   Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct.  The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury."  "Potential injury" is defined as "harm to a client, the public, the le-

7

gal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

20. <u>Fourth Factor: Aggravating and Mitigating Factors.</u> ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

    9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

    9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

    (a) prior disciplinary offenses;

    (b) dishonest or selfish motive;

    (c) a pattern of misconduct;

    (d) multiple offenses;

    (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

    (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

    (g) refusal to acknowledge wrongful nature of conduct;

    (h) vulnerability of the victim;

    (i) substantial experience in the practice of law;

    (j) indifference in making restitution; and

    (k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation.*

    9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

    9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

    (a) absence of a prior disciplinary record;

    (b) absence of a dishonest or selfish motive;

    (c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

    (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

    (2) the chemical dependency or mental disability caused the misconduct;

    (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

    (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, the Review Panel recommends as follows:

1.    That Respondent receive a three-year suspension for violation of Rule 8.4(b), W.R.Prof.Cond.

9

2.      That, upon issuance of the order of three-year suspension, the foregoing press release may be issued.

3.      That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 19th day of January, 2021.

Christopher H. Hawks, Chair
Review Panel of the Board of
Professional Responsibility
Wyoming State Bar

10