# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 64

*April Term, A.D. 2016*

**June 29, 2016**

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.                                                          D-16-0002

CLAY B. JENKINS, WSB # 5-2249,

Respondent.

## ORDER OF SUSPENSION WITH PROBATION

[¶1]  **This matter** came before the Court upon an "Amended Report and Recommendation for Order of Suspension with Probation," filed herein June 13, 2016, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline).  The Court, after a careful review of the Board of Professional Responsibility's Amended Report and Recommendation and the file, finds that the Amended Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent Clay B. Jenkins should be suspended (with probation) for his conduct.  It is, therefore,

[¶2]  **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Amended Report and Recommendation for Order of Suspension with Probation," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]  **ADJUDGED AND ORDERED** that, effective immediately, Clay B. Jenkins is suspended from the practice of law for six months, with that suspension stayed in favor of six months of probation.  Such stay is conditioned on the following probationary terms: (1) Respondent shall remain compliant with the WPAP Monitoring Agreement; (2) Respondent shall remain compliant with the terms of his unsupervised probation in

Sheridan County; and (3) Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct; and it is further

[¶4]    **ORDERED** that the Wyoming State Bar may issue a press release consistent with the one set out in the Amended Report and Recommendation for Order of Suspension with Probation; and it is further

[¶5]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Jenkins shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Jenkins shall pay the total amount of $800.00 to the Wyoming State Bar on or before August 1, 2016; and it is further

[¶6]    **ORDERED** that the Clerk of this Court shall docket this Order of Suspension with Probation, along with the incorporated Amended Report and Recommendation for Order of Suspension with Probation, as a matter coming regularly before this Court as a public record; and it is further

[¶7]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Suspension with Probation, along with the incorporated Amended Report and Recommendation for Order of Suspension with Probation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶8]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Suspension with Probation to be served upon Respondent Clay B. Jenkins.

[¶9]    **DATED** this 29th day of June, 2016.

                                        **BY THE COURT:**

                                        /s/

                                        **E. JAMES BURKE**
                                        **Chief Justice**

# BEFORE THE SUPREME COURT

# STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JUN 1 3 2016

CAROL THOMPSON, CLERK
by DEPUTY

| | | |
|---|---|---|
| *In the matter of* | ) | |
| *CLAY B. JENKINS,* | ) | |
| *WSB No. 5-2249,* | ) | |
| | ) | *BPR No. 2015-120* |
| *Respondent.* | ) | |

---

## AMENDED REPORT AND RECOMMENDATION
## FOR ORDER OF SUSPENSION WITH PROBATION

---

THIS MATTER came before the Board of Professional Responsibility on the 1ˢᵗ day of June, 2016, pursuant to the Court's Order of Remand dated May 10, 2016, for consideration of the Amended Stipulation for Suspension with Probation submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Amended Stipulation, the accompanying Amended Affidavit of Factual Basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

Respondent has been licensed to practice law in the State of Wyoming since 1984, and has maintained a practice in Sheridan, Wyoming. Respondent has a history of substance abuse, which he has addressed with varying success over the years.

In 2013, this Court suspended Respondent for a period of one year from May 10, 2013, based upon this Board's recommendation and Respondent's admission that he had violated Rule 1.1 (competence), Rule 1.3 (diligence) and Rule 1.4 (communication with client) in his handling of a divorce matter, and that he had violated Rule 8.4(b) (committing a criminal act that reflects adversely on a lawyer's fitness to practice) of the Wyoming Rules of Professional Conduct. The Board of Professional Responsibility approved the stipulation and recommended same to

the Wyoming Supreme Court. On July 31, 2013, the Court issued an order suspending Respondent from the practice of law for a period of one year from May 10, 2013, the date of his interim suspension.

On May 12, 2014, Respondent filed a petition for reinstatement with the Court. Upon review, Bar Counsel stipulated to Respondent's reinstatement. Upon the recommendation of this Board, the Court issued an order reinstating Respondent to the practice law effective July 2, 2014. Respondent thereafter resumed his private practice in Sheridan.

On June 29, 2015, Respondent was arrested in Sheridan for Driving While Under the Influence and driving without an interlock device on his car. Respondent submitted to field sobriety tests and a breathalyzer test which revealed a .12% alcohol level. This was Respondent's fourth DWUI arrest. Respondent reported the arrest to Bar Counsel, who suggested that Respondent contact the Wyoming Professional Assistance Program (WPAP), submit to an evaluation, and follow WPAP's recommendations regarding treatment and monitoring. Bar Counsel told Respondent he would hold off on any disciplinary action until after judgement and sentence had been entered on the criminal charges pending against Respondent.

On November 5, 2015, Respondent entered into a General Terms Monitoring Agreement and related agreements with WPAP, hereinafter referred to collectively as "the Monitoring Agreement." The duration of the Monitoring Agreement is five years unless modified in writing. Pursuant to the Monitoring Agreement, Respondent is required to provide 15 random observed urine drug screens annually and three Soberlink breath samples daily. Respondent is also required to participate in 12 AA meetings monthly and submit monthly self-reports.

Respondent pled guilty to the charges brought as a result of his June 29, 2015, arrest. On February 18, 2016, Judgment and Sentence was entered. Respondent was sentenced to 180 days in jail (150 suspended), placed on two years unsupervised probation, and ordered to com-

2

ply with my Monitoring Agreement. Respondent promptly provided a copy of the Judgment and Sentence to Bar Counsel and authorized WPAP to share information with Bar Counsel and with Probation and Parole.

Respondent conditionally admitted that his conduct set forth above violated Rule 8.4(b) (committing a criminal act that reflects adversely on a lawyer's fitness to practice) of the Wyoming Rule of Professional Conduct and agreed to a six month suspension to be stayed, conditioned upon compliance with the following terms of probation pursuant to Rule 9(c) of the Wyoming Rules of Disciplinary Procedure:

1. During the period of probation, which shall be a six month probation to run concurrently with the suspension, Respondent will remain compliant with the Monitoring Agreement.

2. During the period of probation, Respondent will remain compliant with the terms of his unsupervised probation in Sheridan County.

3. During the period of probation, Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct.

Respondent understands and acknowledges that if, during the period of Respondent's probation, Bar Counsel receives information that any condition may have been violated, Bar Counsel may file a motion with the Board specifying the alleged violation and seeking an order requiring Respondent to show cause why the stay should not be lifted and the six month suspension activated for violation of the condition.

<u>ABA Sanction Standards</u>

The American Bar Association's "Standards for Imposing Lawyer Discipline" (hereafter referred to as the "ABA Standards") state, "The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will

3

not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." ABA Standard 3.0 lists the factors to be considered in imposing a sanction after a finding of lawyer misconduct:

(a) the duty violated;
(b) the lawyer's mental state;
(c) the potential or actual injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

## 1.    The Duty Violated

Within the analytical framework of the ABA Standards, Respondent violated a duty owed to the public.  Standard 5.1 sets forth the sanction guidelines for lawyers who demonstrate a failure to maintain personal integrity and is applicable to situations in which lawyers have committed a violation of Rule 8.4(b) (committing a criminal act that reflects adversely on a lawyer's fitness to practice):

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit, or misrepresentation:

5.11    Disbarment is generally appropriate when:
   (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
   (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12    Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

5.13    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

4

5.14 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.

Applying Standard 5.1 to Respondent's case, a suspension of some length is warranted.

### 2. Respondent's Mental State

The preamble to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

Respondent acted with a conscious awareness of the nature and attendant circumstances of the conduct that led to his June 29, 2015, arrest.

### 3. Potential/Actual Injury Caused By Respondent's Conduct

Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

In Respondent's case, fortunately, there were no injuries associated with his most recent DWUI. There was, of course, the potential for serious injury to Respondent and members of the public.

5

## 4. Aggravating and Mitigating Circumstances

ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation.*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
    (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

6

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

In Respondent's case applicable aggravating factors are:

1.    <u>Section 9.22(a)-prior disciplinary offenses.</u>  Respondent received a public censure

in 2002 for which the following press release was published:

Sheridan attorney Clay Jenkins received a formal public reprimand by order of the Wyoming Supreme Court on June 25, 2002.  Although Mr. Jenkins properly maintained an office account for his own funds and a trust account for client funds, he sometimes deposited initial fee payments under $500.00 from clients into the office account if he expected to use up those monies within a few days of receiving them. He did not convert any of the client funds.  No client lost any money whatsoever.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys.  Mr. Jenkins violated Rule 1.15 which requires an attorney keep client funds separate from the lawyer's own property.  Mr. Jenkins violated this Rule when he paid himself by depositing the fees into his office account before they were earned.

Mr. Jenkins stipulated to these facts and consented to this discipline.  The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Jenkins. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly reprimanding Mr. Jenkins and requiring him to pay the costs of the Wyoming State Bar for prosecuting this matter.

Respondent received a second public censure in 2011 when he attempted on two occasions to utilize a third person to communicate with a person who was represented by counsel in a child custody matter in which Respondent represented the father. *See Bd. of Prof. Resp. v. Jenkins*, 260 P.3d 264 (Wyo. 2011).

As discussed above, Respondent received a one-year suspension in 2013. *See Bd. of Prof. Resp. v. Jenkins*, 307 P.3d 826 (Wyo. 2013).

2. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 1984.

3. Section 9.22(k)-illegal conduct, including that involving the use of controlled substances.

Applicable mitigating factors are:

1. Section 9.32(b)-absence of a dishonest or selfish motive.

2. Section 9.32(d)-timely good faith effort to make restitution or to rectify consequences of misconduct.

3. Section 9.32(e)-full and free disclosure to disciplinary board and cooperative attitude toward proceeding.

4. Section 9.32(k)-imposition of other penalties or sanctions.

The Board finds that a six month suspension is an appropriate sanction for Respondent's misconduct. The Board further finds that that Respondent is unlikely to harm the public during the period of probation and can be adequately supervised; that Respondent is able to perform legal services and is able to practice law without causing the courts or the profession to fall into disrepute; and that Respondent has not committed acts warranting disbarment. The Board recommends that the probation be for six months, to run concurrently with the period of suspension.

8

If the Court accepts the Board's recommendation and issues an Order of Suspension with Probation in accordance herewith, Bar Counsel and Respondent have agreed to the following press release:

> The Wyoming Supreme Court issued an order suspending Sheridan attorney Clay B. Jenkins from the practice of law for a period of six months. The Court further ordered that the suspension be stayed so long as Jenkins complies with probationary terms intended to assure that Jenkins maintains his sobriety. The order of suspension stemmed from a 2015 DWUI arrest, Jenkins' fourth such violation. Jenkins, who has a significant disciplinary history relating to substance abuse, agreed to the suspension and probationary terms which included compliance with a 5-year Monitoring Agreement with Wyoming Professional Assistance Program designed to monitor Jenkins' sobriety and assure his adherence to treatment recommendations related to his recovery. Jenkins was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Suspension with Probation in accordance with the terms of this Amended Report and Recommendation.

DATED this ___7ª___ day of June, 2016.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar

9