# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2017 WY 21

*October Term, A.D. 2016*

**March 1, 2017**

| | |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,** | |
| **Petitioner,** | |
| **v.** | **D-16-0002** |
| **CLAY B. JENKINS, WSB # 5-2249,** | |
| **Respondent.** | |

## ORDER EXTENDING PERIOD OF SUSPENSION WITH PROBATION

[¶1]   **This matter** came before the Court upon a "Report and Recommendation for Order Extending Period of Suspension with Probation," filed herein February 17, 2017, by the Board of Professional Responsibility for the Wyoming State Bar.  On June 29, 2016, this Court entered an "Order of Suspension with Probation," which suspended (with probation) Respondent from the practice of law for a period of six months. *Board of Professional Responsibility v. Jenkins*, 2016 WY 64, 376 P.3d 477 (Wyo. 2016).  Now, after a careful review of the Board of Professional Responsibility's Report and Recommendation for Order Extending Period of Suspension with Probation and the file, the Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent, Clay B. Jenkins, should be suspended (with probation) for an additional six months.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Order Extending Period of Suspension with Probation," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that, effective December 30, 2016, Clay B. Jenkins is suspended from the practice of law for six months, with that suspension stayed

in favor of six months of probation. Such stay is conditioned on the following probationary terms: (1) Respondent shall remain compliant with the WPAP Monitoring Agreement and the recommendations of his therapist; (2) Respondent shall remain compliant with the terms of his unsupervised probation in Sheridan County; and (3) Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct; and it is further

[¶4]  **ORDERED** that the Clerk of this Court shall docket this Order Extending Period of Suspension with Probation, along with the incorporated Report and Recommendation for Order Extending Period of Suspension with Probation, as a matter coming regularly before this Court as a public record; and it is further

[¶5]  **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order Extending Period of Suspension with Probation, along with the incorporated Report and Recommendation for Order Extending Period of Suspension with Probation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶6]  **ORDERED** that the Clerk of this Court cause a copy of this Order Extending Period of Suspension with Probation to be served upon Respondent, Clay B. Jenkins.

[¶7]  **DATED** this 1st day of March, 2017.

**BY THE COURT:***

/s/

**E. JAMES BURKE**
**Chief Justice**

*Justice Davis took no part in the consideration of this matter.

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

FEB 1 7 2017

CAROL THOMPSON, CLERK

by CHIEF DEPUTY

| | | |
|---|---|---|
| *In the matter of* | ) | |
| *CLAY B. JENKINS,* | ) | |
| *WSB No. 5-2249,* | ) | |
| | ) | *D-16-0002* |
| *Respondent.* | ) | |

---

## REPORT AND RECOMMENDATION FOR ORDER EXTENDING PERIOD OF SUSPENSION WITH PROBATION

---

THIS MATTER came before the Board of Professional Responsibility on the 14th day of February, 2017, for consideration of the stipulated motion to extend the term of Respondent's Suspension with Probation, and the Board having reviewed the Stipulation, the accompanying Affidavit of Factual Basis and being fully advised in the premises, FINDS and RECOMMENDS as follows:

Respondent has been licensed to practice law in the State of Wyoming since 1984, and has maintained a law practice in Sheridan, Wyoming. Respondent has a history of substance abuse, which he has addressed with varying success over the years. Respondent's most recent substance-related arrest occurred in Sheridan in June 2015, and was resolved with Respondent's plea of guilty to DUI charges brought in the Circuit Court for the Fifth Judicial District. On February 18, 2016, Judgment and Sentence was entered by Circuit Court Judge Shelley Cundiff. Respondent was sentenced to 180 days in jail (150 days suspended), placed on two years unsupervised probation, and ordered to comply with a Monitoring Agreement which Respondent had voluntarily entered into with Wyoming Professional Assistance Program (WPAP). Respondent

promptly provided a copy of the Judgment and Sentence to Bar Counsel and authorized WPAP to share information with Bar Counsel and with Probation and Parole.

Following entry of Judgment and Sentence, discussions between Respondent and Bar Counsel culminated in a stipulated motion for a six month suspension to be stayed in favor of six months of probation. On June 29, 2016, the Wyoming Supreme Court issued an Order of Suspension with Probation which approved this Board's Amended Report and Recommendation for Order of Suspension with Probation. The Court's order provided, in pertinent part:

> [E]ffective immediately, Clay B. Jenkins is suspended from the practice of law for six months, with that suspension stayed in favor of six months of probation. Such stay is conditioned on the following probationary terms: (1) Respondent shall remain compliant with the WPAP Monitoring Agreement; (2) Respondent shall remain compliant with the terms of his unsupervised probation in Sheridan County; and (3) Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct ***"

Although Respondent has been generally compliant with the November 15, 2015, Monitoring Agreement, Respondent had one positive Soberlink breath test on Saturday, March 5, 2016, prior to entry of the June 29, 2016, Order of Suspension with Probation. The positive sample was given at 9:17 a.m. Respondent provided a negative sample at 2:09 p.m. Respondent also provided a urine screen on March 7, 2016, which returned negative for alcohol metabolites. Respondent discussed this incident with John Ordiway, WPAP's Clinical Director, and agreed to schedule counseling regarding the incident. Mr. Ordiway did not recommend any changes to Respondent's monitoring program as a result of the incident. At the time the Board approved the stipulated motion for suspension with probation, and at the time the Court issued the Order of Suspension with Probation on June 29, 2016, all other breath and urine drug screens had tested negative.

According to regular reports provided to Bar Counsel by WPAP, Respondent maintained his sobriety throughout his six month suspension with probation, until late December 2016. Re-

2

spondent visited his mother and siblings in Northfield, Minnesota from December 15, 2016, to January 4, 2017. During that visit, Respondent had several positive and missed Soberlink tests. These were reported to Bar Counsel via a January 4, 2017, letter from Candice Cochran, WPAP Executive Director, stating, "During the Christmas holiday, Mr. Jenkins had numerous positive and missed Soberlink tests. John Ordiway, MS, LPC, LAT [WPAP's Clinical Director] is attempting to reach Clay to discuss these positives. We will be submitting a formal non-compliance letter when that contact has been made."

By letter dated January 26, 2017, Ms. Cochran provided Bar Counsel with details regarding Respondent's lapse during his visit to Minnesota. Ms. Cochran reported that Respondent was meeting with his therapist, Judee Anderson, LAT, LPC, LAC, and that Ms. Anderson would be sending treatment recommendations.

By letter dated February 2, 2017, Ms. Cochran informed Bar Counsel that Ms. Anderson's treatment recommendations had been received and that WPAP supports the following recommendations from Ms. Anderson:

1. Increase Respondent's individual therapy to bi-weekly at a minimum
2. Continued use of Soberlink monitoring
3. Continued attendance at AA

On February 10, 2017, Respondent and Bar Counsel met with Judge Cundiff and reported Respondent's Christmas holiday lapse. Judge Cundiff was informed that Bar Counsel and Respondent proposed to submit a stipulated motion to the Board extending Respondent's suspension with probation for an additional six months. Judge Cundiff was supportive of the proposal, and stated that Respondent has been doing well and is always a pleasure to have in her court.

Accordingly, Bar Counsel and Respondent proposed and stipulated that Respondent's period of suspension be extended for an additional six months, beginning December 30, 2016,

3

conditioned upon compliance with the following terms of probation pursuant to Rule 9(c) of the Wyoming Rules of Disciplinary Procedure:

1.     During the period of probation, which shall be a six month probation to run concurrently with the suspension, Respondent will remain compliant with the Monitoring Agreement and the treatment recommendations of Respondent's therapist and WPAP.

2.     During the period of probation, Respondent will remain compliant with the terms of his unsupervised probation in Sheridan County.

3.     During the period of probation, Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct.

Respondent understands and acknowledges that if, during the period of Respondent's probation, Bar Counsel receives information that any condition may have been violated, Bar Counsel may file a motion with the Board specifying the alleged violation and seeking an order requiring Respondent to show cause why the stay should not be lifted and the six month suspension activated for violation of the condition.

Respondent and Bar Counsel agree and stipulate that Respondent is unlikely to harm the public during the period of probation and can be adequately supervised; that Respondent is able to perform legal services and is able to practice law without causing the courts or the profession to fall into disrepute; and that Respondent has not committed acts warranting disbarment. The parties further agree and stipulate that the probation shall be for six months, to run concurrently with the period of suspension. The Board finds that these stipulations are reasonable and supported by the record.

For the reasons stated in the Stipulation and based on the facts and admissions in Respondent's Affidavit, the Board recommends that the Wyoming Supreme Court issue an order

4

for an additional six month suspension commencing December 30, 2016, to be stayed pursuant to a concurrent, six month probation in accordance with the terms set forth above.

DATED this _____15_____ day of February, 2017.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar