2017 WY 89

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Clay B. JENKINS, WSB # 5-2249, Respondent.**

**D-16-0002**

Supreme Court of Wyoming.

August 2, 2017

ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶1] **This matter** came before the Court upon the "Report and Recommendation for Reinstatement," filed herein July 13, 2017, by

the Board of Professional Responsibility for the Wyoming State Bar. By order entered June 29, 2016, this Court suspended Respondent from the practice of law for a period of six months, with the suspension stayed in favor of six months of probation. *Board of Professional Responsibility v. Jenkins,* 2016 WY 64, 376 P.3d 477 (Wyo. 2016). By order entered March 1, 2017, this Court extended the suspension with probation by six months, with the extension beginning on December 30, 2016. *Board of Professional Responsibility, Wyoming State Bar v. Jenkins,* 2017 WY 21, 389 P.3d 1211 (Wyo. 2017). Respondent subsequently sought reinstatement. In the Report and Recommendation for Reinstatement, the Board of Professional Responsibility informs the Court that Respondent has successfully completed the terms of his probation. Now, after a careful review of the Report and Recommendation and the file, this Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court; and that the Respondent, Clay B. Jenkins, should be fully reinstated to the practice of law. It is, therefore,

[¶2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reinstatement, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3] **ADJUDGED AND ORDERED** that the Respondent, Clay B. Jenkins, be, and hereby is, fully reinstated to the practice of law in Wyoming, effective immediately; and it is further

[¶4] **ORDERED** that, pursuant to Rule 9(b) of the Rules of Disciplinary Procedure, this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, shall be published in the Wyoming

Reporter and the Pacific Reporter; and it is further

[¶5] **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶6] **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶7] **DATED** this 2nd day of August, 2017.

**BY THE COURT:***
/s/ **E. JAMES BURKE**
**Chief Justice**

Attachment

**REPORT AND RECOMMENDATION FOR REINSTATEMENT**

THIS MATTER came before the Board of Professional Responsibility on the 11th day of July, 2017, for consideration of Respondent's Application and Affidavit for Reinstatement, and the Board being fully advised in the premises, FINDS and RECOMMENDS as follows:

1. On June 29, 2016, this Court entered an Order of Suspension with Probation which provided, in pertinent part:

[E]ffective immediately, Clay B. Jenkins is suspended from the practice of law for six months, with that suspension stayed in favor of six months of probation. Such stay is conditioned on the following probationary terms: (1) Respondent shall remain compliant with the WPAP Monitoring Agreement;[1] (2) Respondent shall remain compliant with the terms of his unsuper-

---

* Justice Davis took no part in the consideration of this matter.

1. On November 15, 2015, Respondent entered into a 5-year sobriety monitoring agreement with

Wyoming Professional Assistance Program (WPAP), an entity organized and operated pursuant to W.S. § 33-1-115.

vised probation in Sheridan County; and (3) Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct ***"

2. On March 1, 2017, this Court entered an Order Extending Period of Suspension with Probation for a period of six months beginning December 30, 2016, subject to the same probationary terms.

3. Respondent has successfully completed the terms of his probation.

4. Bar Counsel has no objection to Respondent's reinstatement.

5. Rule 9(c)(7), Wyo.R.Disc.Proc., provides as follows:

Unless otherwise provided in the order of suspension, within 28 days and no less than 14 days prior to the expiration of the period of probation, the attorney may file with the BPR an application for reinstatement and a supporting affidavit stating that the attorney has complied with all terms of probation. Upon receipt of said application and supporting affidavit, and absent objection from Bar Counsel, the BPR shall submit to the Court a report that the period of probation was successfully completed and recommending the attorney's reinstatement to the practice of law.

WHEREFORE, pursuant to Rule 9(c)(7), Wyo.R.Disc.Proc., the Board of Professional Responsibility recommends that Respondent be reinstated to the practice of law.

DATED this 11 day of July, 2017.

/s/ Judith A.W. Studer

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar